UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWANA LATRICE POWELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-3086 |
| | § | |
| SOCIAL SECURITY ADMINISTRATION, ET. AL., | § § § | |
| | § | |
| Defendants. | | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court are Defendant USPS Federal Credit Union's Motion to Dismiss and Defendants Social Security Administration, the United States Postal Service, and the Selective Service System's Motion (collectively "Federal Defendants") Motion to Dismiss, both under Rule 12(b)(1) and Rule 12(b)(6). (Dkt. Nos. 10, 27.) Also pending before the court are Plaintiff's Motion to Correct, Declaration, and Prayer for Relief (Dkt. Nos. 30, 39, 40) and Defendant Texas Department of State Health Service's Opposed Motion for Leave to File Responsive Pleading Out of Time. (Dkt. Nos. 36.) Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** the Motions to Dismiss be **GRANTED** and all other pending motions and requests for relief be **DENIED AS MOOT**.

### I. BACKGROUND

On September 1, 2022, Plaintiff filed her *pro se* claim in this Court against Defendants. (Dkt. No. 1.) In her Complaint, Plaintiff seems to assert that her birth certificate was taken through a larger conspiracy. (*Id.* at 2, 5.) While Plaintiff's Complaint is altogether unclear, she appears to be bringing a conversion claim. (*See id* generally.)

## II.     LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction" and their power cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). As a result, a defendant may remove a civil case from state to federal court only when the federal court maintains original subject matter jurisdiction over the action, either through diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010). "Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction." *Crowell v. Lahood*, No. CIV.A. H-09-1788, 2011 WL 147913, at *1 (S.D. Tex. Jan. 18, 2011). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a defendant to move to dismiss a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to

relief—including factual allegations that . . . raise a right to relief above the speculative level." *Wilson v. Hous. Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (quotations omitted).

In reviewing a 12(b)(6) motion, a court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotations omitted). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers but are nonetheless insufficient if they contain only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Ganheart v. Brown*, 740 F. App'x 386, 389 (5th Cir. 2018) (quotations and alterations omitted). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

### III.   DISCUSSION

#### A.   SUBJECT MATTER JURISDICTION

Federal Defendants assert that Plaintiff's Complaint against them must fail for lack of subject jurisdiction under the principle of sovereign immunity. (Dkt. No. 27 at 3.) "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Federal Defendants are all federal agencies. Federal Defendants are correct that Plaintiff makes no attempt to show that sovereign immunity has been waived. (Dkt. No. 27 at 3.) "Because sovereign immunity is jurisdictional in nature, absent a waiver of sovereign immunity, this Court lacks jurisdiction over Plaintiff's claims against [Federal] Defendants." *Stringfellow v. Fed. Rsrv. Bd.*, No. A-22-CV-341-RP-SH, 2022 WL

2057491, at *2 (W.D. Tex. May 8, 2022). Therefore, this Court does not have subject jurisdiction as to the Federal Defendants.

*Sua sponte*, the Court also recognizes that Plaintiff has not demonstrated subject matter jurisdiction over the remaining Defendants. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*, even on appeal." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) "[A] district court may *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *In re Tipton*, No. 3:22-MC-0004, 2022 WL 1028026, at *1 (S.D. Tex. Apr. 6, 2022). As discussed below, Plaintiff's pleadings are frivolous. Thus, this Court recommends that this case be dismissed on the basis of a lack of subject matter jurisdiction.

### B.  FAILURE TO STATE A CLAIM

Alternatively, even if subject matter jurisdiction is proper, Defendants contention is correct that Plaintiff's claim should also be dismissed under 12(b)(6). (Dkt. No. 10 at 3–4; Dkt. No. 27 at 3–4.) Here, even when liberally construed, Plaintiff's Complaint and attached documents fail to state a claim. The Complaint omits all factual allegations, makes no mention of the relief sought, and does not include a statement explaining the grounds for this Court's jurisdiction. (*See* Dkt. No. 1.) Defendants are correct that Plaintiff provides no explanation as to how her birth certificate has been stolen. (*See id.*; Dkt. No. 10 at 3–4; Dkt. No. 27 at 3–4.) She makes various unintelligible claims about how federal agencies are using her "as surety for their corporation" and an unidentified account is being blocked. (Dkt. No. 1-1 at 1.) One of the attachments in her Complaint

includes handwritten, unintelligible annotations that indicate "Revelation 18:13 Souls of Men as Slaves" and "Raiders of the Lost Ark." (Dkt. No. 1-2 at 6.) Her other filings are similarly confusing. For example, her response to Defendant USPS Federal Credit Union's Motion to Dismiss consists entirely of belligerent handwritten notes on a copy of this motion. (Dkt. No. 26.) In her affirmation of truth, she details how a woman intentionally hit her car at a Burger King, seemingly making no attempt to tie this story into her original claim. (Dkt. No. 32.) She ends this affirmation by stating "The Prime Creator of the Universe 'Horus' Said, 'Let Me goooo NOW!" (*Id.* at 4.) Plaintiff's Complaint is altogether frivolous and incomprehensible, as are her other various motions and filings. (*See* Dkt. Nos. 1, 5–7, 9, 11–14, 26, 28, 30–35, 39–40.)

Plaintiff has thus failed to state a claim upon which relief can be granted. *See, e.g.*, *Hamilton v. Czyzyk*, No. 16-CV-994, 2017 WL 5649608, at *1 (S.D. Tex. Mar. 31, 2017) (granting 12(b)(6) motion to dismiss "[b]ecause the plaintiff's complaint is incomprehensible, does not appear to state the grounds upon which this Court's jurisdiction depends and does not contain a short and plain statement showing that he is entitled to relief or damages for which this Court can award"), *aff'd sub nom. Hamilton v. Trump*, 697 F. App'x 325 (5th Cir. 2017); *Cruz v. Aransas Pass Police*, No. 2:22-CV-00103, 2022 WL 3110122, at *3 (S.D. Tex. July 7, 2022) (recommending plaintiff's claims be dismissed for failure to state a claim and as frivolous due to "confusing and unintelligible" pleadings), *report and recommendation adopted*, No. 2:22-CV-00103, 2022 WL 3104861 (Aug. 4, 2022). Thus, the Court recommends the motions to dismiss should also be granted based on Plaintiff's failure to state a claim.

### C.  LEAVE TO FILE AN AMENDED COMPLAINT

Rule 15 of the Federal Rules of Civil Procedure directs courts to "freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "When a plaintiff's

complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Ricardo v. Bank of N.Y. Mellon*, No. 16-CV-3238, 2017 WL 3424975, at *2 (S.D. Tex. Aug. 9, 2017) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). It is within the sound discretion of the court to decide whether to grant leave to amend, and courts frequently deny leave when a party fails to submit a proposed pleading or explain how he can cure any defects. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying leave to amend after dismissing claims under Rule 12(b)(6) because "the plaintiffs did not demonstrate to the court how they would . . . cure the pleading defects raised by the defendants" and did not proffer a proposed amended complaint). Additionally, "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports*, *L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). "Amendment would be futile if the proposed amended complaint "fail[s] to state a claim upon which relief could be granted." *Thomas v. Samuel*, No. 2:22-CV-00158, 2023 WL 1529544, at *1 (S.D. Tex. Feb. 2, 2023) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

Despite Plaintiff appearing *pro se*, she should not be granted leave to amend. The Court should not grant leave to amend because it does not have subject matter jurisdiction to do so. "Because this court has determined that it has no jurisdiction over [Plaintiff]'s suit, this [C]ourt has no jurisdiction to allow [Plaintiff] to amend [her] [C]omplaint." *Walter v. Old Am. Cnty. Mut. Fire Ins. Co.*, No. CIV.A. H-12-2581, 2012 WL 5818227, at *3 (S.D. Tex. Nov. 14, 2012).

Alternatively, Plaintiff should also not be granted leave to amend on a 12(b)(6) basis. The Fifth Circuit has held that "district courts should not dismiss *pro se* complaints pursuant to Rule

12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011); *see also Fierro v. Knight Transp.*, No. 12-CV-218, 2012 WL 4321304, at *8 (W.D. Tex. Sept. 18, 2012) ("Because Rule 12(b)(6) dismissals of *pro se* complaints are disfavored, a court should grant a *pro se* party every reasonable opportunity to amend.") (quotations and alterations omitted). This is true even when a plaintiff fails to respond to the motion to dismiss or request leave to amend. *See, e.g.*, *Davis v. Am. Mortg. Network, Inc.*, No. 11-CV-1690, 2012 WL 13018977, at *2 (N.D. Tex. Jan. 18, 2012), *report and recommendation adopted*, 2012 WL 537594 (Feb. 16, 2012); *Ramirez v. United States*, No. 01-CV-717, 2003 WL 22123463, at *2 (N.D. Tex. Mar. 6, 2003).

Here, Plaintiff's filings make clear that any amendment would be futile. "Because Plaintiff has not demonstrated that she could state a viable claim for relief against any defendant, she should not be granted leave to amend in this case." *Devabhaktuni v. C.P.S.*, No. 3:19-CV-1743-N-BT, 2020 WL 4745050, at *6–7 (N.D. Tex. July 16, 2020) (recommending that *pro se* Plaintiff should not be granted leave to amend her allegations where her "filings [were] filled with paranoid, fanciful, and delusional factional assertions"), *report and recommendation adopted*, No. 3:19-CV-1743-N-BT, 2020 WL 4732088 (N.D. Tex. Aug. 14, 2020).

### IV.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Defendants Motions to Dismiss be **GRANTED**. (Dkt. Nos. 10, 27). The Court also **RECOMMENDS** all other motions and requests for relief (Dkt. Nos. 30, 36, 39, 40) be **DENIED AS MOOT.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written

objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on March 29, 2023.

Sam S. Sheldon
United States Magistrate Judge